UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MATTHEW MECHE                          CIVIL ACTION NO. 6:16-cv-00521

VERSUS                                 JUDGE HICKS

LAKEZONE EXPRESS, LLC, ET AL.          MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before this Court is the motion to remand (Rec. Doc. 20), which was filed by the plaintiff, Matthew Meche.  The motion is unopposed.  (Rec. Doc. 25).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be granted.

### BACKGROUND

The plaintiff alleges that, on April 13, 2015, he was injured when the vehicle in which he was a passenger was rear-ended on I-10.  The plaintiff filed suit in the 15th Judicial District Court, Lafayette Parish, Louisiana, on September 18, 2015, asserting claims against Latrenton Bethley (the defendant driver), Lakezone Express, LLC (Mr. Bethley's employer), and American Southern Insurance Company (their insurer).  All three defendants were served in October 2015.  American Southern was dismissed from the case in March 2016.  The plaintiff's amended complaint, which

was filed in March 2016, added Global Hawk Insurance Company as a defendant in the action.  Global Hawk was served on April 7, 2016.[1]

Also in March 2016, the defendants received the plaintiff's answers to discovery requests.  Based on information contained in the discovery responses, Lakezone and Bethley removed the action to this court under 28 U.S.C. § 1332, alleging that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.  The plaintiff responded to Lakezone and Bethley's removal notice with the instant motion to remand.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4]  The party invoking subject-

---

[1]     Although Global Hawk did not join in the removal, consent to the removal, or file its own removal notice, this Court finds that the motion to remand can be resolved without considering the effect of Global Hawk's failure to participate in the removal.

[2]     *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[3]     28 U.S.C. § 1331.

[4]     28 U.S.C. § 1332.

matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[5]  Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[6]  In this case, Lakezone and Bethley must bear that burden.

## A.   DIVERSITY OF CITIZENSHIP

The plaintiff does not argue in his motion to remand that the parties are not diverse in citizenship; however, this Court finds that it is impossible, on the basis of the record as it currently exists, to determine whether the parties are diverse.

In his petition, the plaintiff alleged that he is domiciled in Louisiana and alleged that Bethley is a Texas resident.  The citizenship of a natural person is determined by the state in which he is domiciled.  Therefore, the plaintiff sufficiently established that he is a Louisiana citizen.

Domicile is a combination of both a person's residence and her intent to remain there permanently.[7]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[8]  Evidence of a

---

[5]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6]    *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

[7]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[8]    *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

-3-

person's place of residence, however, is *prima facie* proof of his domicile.[9]  The plaintiff did not object to jurisdiction on the basis of Bethley's citizenship. Accordingly, this Court finds that Bethley is a Texas citizen.

In his petition, the plaintiff alleged that Lakezone is a corporation.  Based on the inclusion of the letters "LLC" in its name, however, it is apparent that Lakezone is a limited liability company rather than a corporation.  The citizenship of a limited liability company requires a review of the citizenship of the company's members.  A limited liability company is a citizen of every state in which any member of the company is a citizen,[10] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[11]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[12]  If any one of the members is not diverse, the company is not diverse. The plaintiff did not list Lakezone's members in the petition or state their citizenship. In the removal notice, however, Lakezone and Bethley alleged that all of Lakezone's

---

[9]      *Hollinger*, 654 F.3d at 571.

[10]      *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[11]      *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[12]      See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members).

-4-

members are Texas citizens.  This allegation is sufficient to establish that Lakezone is a Texas citizen.

In the removal notice, Lakezone and Bethley did not address the citizenship of defendant Global Hawk.  This oversight is important because jurisdictional facts must be evaluated at the time of the removal.[13]  In other words, "[t]o determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."[14]  Because Global Hawk had already been named as a defendant and served when the action was removed, Global Hawk's citizenship had to be considered.

Accordingly, this Court finds that there is insufficient information in the record to determine whether the parties are diverse in citizenship.  Thus, the removing defendants, Lakezone and Bethley, failed to carry their burden of establishing the first requirement for the court's subject-matter jurisdiction.

## B.   THE AMOUNT IN CONTROVERSY

In his remand motion, the plaintiff challenged Lakezone and Bethley's contention that the amount in controversy exceeds the jurisdictional minimum.  The

---

[13]     *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)

[14]     *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723.

amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[15]  To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[16]  When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[17]  This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[18]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pleaded.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[19]  Thus, the district court must first examine the complaint to determine whether it is facially

---

[15]      *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[16]      *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[17]      *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[18]      *Simon v. Wal–Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[19]      *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[20]  Any doubts as to the propriety of removal should be construed strictly in favor of remand.[21]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[22]  Therefore, the petition filed in this lawsuit does not request recovery of a specific amount.  This Court further finds, as did Lakezone and Bethley when they reviewed the plaintiff's petition, that the amount in controversy is not apparent from the face of the plaintiff's petition.

The petition vaguely alleges that the plaintiff "suffered severe and painful personal injuries as a result of the. . . accident." (Rec. Doc. 1-1 at 2).  It also alleges that he is seeking to recover damages "consisting of physician's services, medical expenses, physical pain and suffering, aggravation of a pre-existing injury, mental pain and anguish, loss of income opportunity, and loss of enjoyment of life." (Rec. Doc. 1-1 at 2-3).  The only allegation suggesting the amount in controversy is the

---

[20]     *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co*., 63 F.3d at 1335.

[21]     *Manguno v. Prudential Prop. and Cas. Ins. Co*., 276 F.3d at 723.

[22]     Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

contention that the plaintiff's damages are "more than $50,000.00." (Rec. Doc. 1-1 at 1). But that allegation is inconsistent with the plaintiff's failure to request a trial by jury. Had such a request been included, this would have indicated that the amount in controversy was greater than $50,000 since, under Louisiana law, trial by jury in a civil case requires an amount in controversy of at least $50,000.[23] The failure to request a jury might be an indication that the amount in controversy falls below the necessary threshold.[24]

The allegations concerning the plaintiff's injuries are vague and lacking in specificity, and the petition does not disclose the true nature and extent of his injuries. Similarly, the petition fails to detail the cost of any medical treatment the plaintiff had already undergone when he filed suit or the cost of any likely future medical treatment. The plaintiff's petition also contains an indication that the amount in controversy might exceed the jurisdictional minimum because the plaintiff failed to include in his petition the allegation required by state statute concerning federal-court jurisdiction. Louisiana Code of Civil Procedure Article 893(A)(1) states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of

---

[23]     Louisiana Code of Civil Procedure Article 1732(1).

[24]     *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011), citing *Corkern v. Outback Steakhouse of Fla., Inc*., No. 05-5487, 2006 WL 285994, at *4 (E.D. La. Feb. 6, 2006).

federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  No such allegation is set forth in the plaintiff's petition.  But, despite the mandatory wording of the statute, a plaintiff's failure to include such an allegation is a factor to be considered in evaluating the amount in controversy but is insufficient, standing alone, to establish that the amount in controversy exceeds the federal-court jurisdictional threshold.[25] As one court explained, "mere silence in a petition can not create federal jurisdiction. If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden."[26]

> The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied.  Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article

---

[25]    See, e.g., *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *Lecoq v. Great West Cas. Co.*, No. 11-626-BAJ-SCR, 2011 WL 6936413, at *3 (M.D. La. Nov. 15, 2011), report and recommendation adopted, 2011 WL 6941392 (M.D. La. Dec. 31, 2011).

[26]    *Lilly v. Big E Drilling Co.*, No. 07-1099, 2007 WL 2407254, at *2 (W.D. La. Aug. 20, 2007).

> 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry.[27]

Thus, the plaintiff's petition contains both an indication that the amount in controversy might be less than the requisite amount (the lack of a jury demand) and an indication that the amount in controversy might be more (the lack of an allegation that the claim is less than the jurisdictional minimum).  Combining these indications with the vague allegations concerning the nature and extent of the plaintiff's injuries and the plaintiff's failure to quantify his damages, this Court concludes that it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold.

Because this Court has found that the amount in controversy is not facially apparent, the removing defendants must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold by setting forth relevant facts supported by summary-judgment-type evidence.[28]  Fed. R. Civ. P. 56(c)(1)(A) states that a party may support factual assertions in the context of summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

---

[27]    *Trahan v. Drury Hotels*,  2011 WL 2470982, at *4.

[28]    *Simon v. Wal-Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d at  298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

-10-

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . . ." The jurisprudence is consistent, holding that post-removal discovery responses are sufficient to prove the requisite amount in controversy.[29]

Lakezone and Bethley argued, in their removal notice, that their decision to remove the case was based on information set forth in the plaintiff's responses to discovery. They produced the discovery responses, which indicate that the plaintiff's injuries consisted of a neck injury, the aggravation of a pre-existing injury to his low back, the aggravation of a pre-existing anxiety disorder, severe headaches with nausea, and unexplained "symptoms in his upper and lower extremities which were significantly aggravated by the subject collision" (Rec. Doc. 1-2 at 5) and had not yet reached maximum medical improvement (Rec. Doc. 1-2 at 8). He declined to estimate his damages (Rec. Doc. 1-2 at 7-8) but stated that Acadian Ambulance Service had a lien for services rendered in the amount of $1,403.17, and Our Lady of Lourdes Regional Medical Center had a lien for services rendered in the amount of $1,216.00. While the discovery responses provide more information than the

---

[29]    See, e.g., *Cook v. Wabash Nat. Trailer Centers, Inc.*, No. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003); *Nelson v. Nationwide Mutual Ins. Co*., 192 F.Supp.2d 617, 620 (E.D. La. 2001).

petition, this Court finds that the discovery responses are insufficient to support a conclusion that the amount in controversy exceeds $75,000.

In support of his motion to remand, the plaintiff submitted a stipulation that the amount in controversy does not exceed $75,000, that the plaintiff will not accept an amount exceeding $75,000, and that he will renounce any portion of a judgment that exceeds $75,000. (Rec. Doc. 22). "Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"[30] but if, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, [the plaintiff] reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[31]

In this case, the amount in controversy was not clear from the face of the plaintiff's petition, nor did Lakezone and Bethley's removal notice fully clarify the amount in controversy. Furthermore, the plaintiff's stipulation is not an attempt to change the amount in controversy but is, instead, meant to clarify what the amount in controversy was at the time of removal. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time

---

[30]    *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995).

[31]    *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

-12-

of removal."[32]   A plaintiff's stipulation regarding the amount in controversy is binding if he expressly renounces his right to recover in excess of $75,000 in the event he is awarded a greater amount.[33]  The plaintiff in this case has done just that.

This Court finds that the amount in controversy was ambiguous at the time of removal, finds that the removing defendants failed to establish the amount in controversy by a preponderance of the evidence, finds that the plaintiff's stipulation was offered for the purpose of clarifying the amount in controversy at the time of removal, and finds that the amount in controversy at the time of removal was less than the statutory minimum.

## CONCLUSION

Having found that it is not possible to determine whether the parties to this lawsuit are diverse in citizenship on the basis of the record as it currently exists, and having found that the amount in controversy is less than the statutory minimum for federal court jurisdiction, this Court recommends that the plaintiff's motion to remand be granted and further recommends that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

---

[32]    *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883.

[33]    See, e.g., *Chiriaco v. Southern Fidelity Insurance Company*, No. 16-13165, 2016 WL 5349649, at *3 (E.D. La. Sept. 26, 2016); *Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *3 (W.D. La. Nov. 12, 2014).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on November 7, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-14-